UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.    **09 - 80343**

**CIV - DIMITROULEAS**

/ROSENBAUM

MICROSOFT CORPORATION, a
Washington Corporation,

                          Plaintiff,

v.

INSTACLICK, INC., a Florida Corporation;
and DAN TRAINA, individually,

                          Defendants.

FILED by _AOS_ D.C.

**FEB 2 7 2009**

STEVEN M. LARIMORE
CLERK U. S. DIST CT
S. D. of FLA. – MIAMI

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Microsoft Corporation ("Microsoft") brings this action against Defendants INSTACLICK, INC., and DAN TRAINA (collectively "Defendants"), and alleges as follows:

### I.    JURISDICTION AND VENUE

1.    This is a complaint for an injunction, damages and other appropriate relief to stop Defendants from infringing Microsoft's trade and service marks by registering Internet domain names that are identical or confusingly similar to Microsoft's trademarks and service marks, and by using those domain names in bad faith to profit from Microsoft's marks.

2.    In this action, Microsoft asserts violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); of sections 32 and 43 of the Lanham Act, 15 U.S.C. § 1114 (Trademark Infringement) and 1125(a) (False Designation of Origin, Unfair Competition/False Advertising).

MI-294301 VI

3.     This Court has subject matter jurisdiction over Microsoft's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4.     This court has personal jurisdiction over Defendants who have: (a) committed intentional and tortious acts within the state; (b) conducted substantial business within this state related to the unlawful activity at issue in this Complaint; and (c) reside within the state.

5.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendants reside within this judicial district, conduct substantial business within this judicial district related to the unlawful activity at issue in this Complaint and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II.    THE PARTIES

6.     Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

7.      Defendant INSTACLICK, INC. is a Florida corporation and resides in Palm Beach County, Florida.

8.     Upon information and belief, Defendant DAN TRAINA is a Florida resident and resides in Palm Beach County, Florida.

## III.    MICROSOFT'S BUSINESS AND TRADEMARKS

9.     Microsoft is a world leader in the market for software and related products. Microsoft offers a wide range of products and services, including but not limited to computer software such as the Microsoft Windows operating system and Microsoft Office; computer hardware and accessories including keyboards and mice; gaming systems such as the Microsoft

XBOX and Microsoft XBOX 360; and Internet service and electronic mail services such as the MSN and Windows Live Hotmail services, to name a few.

10. Microsoft owns registrations for a number of trademarks and service marks that it uses to identify its products and services in the marketplace. Among the marks owned by Microsoft are the following registered marks (collectively the "Microsoft Marks"): ENCARTA; HOTMAIL; WINDOWS; XBOX; XBOX360; and XBOX LIVE.

11. Since at least March 1993, Microsoft has used in commerce the trademark / service mark "ENCARTA" to promote multimedia encyclopedias, online information services and other related products.

12. On December 9, 1992, Microsoft filed an "intent to use" application to register the ENCARTA mark. Based upon actual use beginning in March 1993, the United States Patent and Trademark Office issued Registration No. 1,864,262 to Microsoft on November 22, 1994 for the ENCARTA mark. The ENCARTA mark is also the subject of United States Trademark Registration Nos. 1,874,547, 1,995,180, and 2,304,532. *See* Exhibit A. The ENCARTA mark is broadly recognized as a brand identifier for Microsoft's reference guides, encyclopedias, online information services and other related products.

13. Since at least July 4, 1996, Microsoft's predecessor has used in commerce the service mark "HOTMAIL" to promote electronic mail services as well as promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed through computer networks and by delivering advertisements and promotional materials to others via electronic mail.

14. On April 10, 1997, Microsoft's predecessor applied to register the HOTMAIL mark, and on June 16, 1998, the United States Patent and Trademark Office issued Registration

No. 2,165,601 to Microsoft's predecessor for the HOTMAIL mark. *See* Exhibit B. The HOTMAIL mark is broadly recognized as a brand identifier for Microsoft's electronic mail services as well as promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed through computer networks and by delivering advertisements and promotional materials to others via electronic mail.

15.     Since at least October 18, 1983, Microsoft has used in commerce the trademark / service mark "WINDOWS" to promote computer hardware and software products, and other electronic services.

16.     On August 20, 1990, Microsoft applied to register the WINDOWS mark, and on January 10, 1995 the United States Patent and Trademark office issued Registration No. 1,872,264 to Microsoft for the WINDOWS mark. The WINDOWS mark is also the subject of United States Trademark Registration Nos. 1,989,386, 2,005,901, 2,463,509, 2,463,510, 2,463,526 and others. *See* Exhibit C. The WINDOWS mark is broadly recognized as a brand identifier for Microsoft's software and hardware products and for other electronic services.

17.     Since at least December 1998, Microsoft has used in commerce the trademark / service mark "XBOX" to promote video game software and hardware and related products, including the Xbox home entertainment system.

18.     On October 18, 1999, Microsoft applied to register the XBOX mark, and on November 5, 2002, the United States Patent and Trademark Office issued Registration No. 2,646,465 to Microsoft for the XBOX mark. The XBOX mark is also the subject of United States Trademark Registration Nos. 2,663,880, 2,730,847, 2,775,859, 2,786,794, 2,792,744 and others. *See* Exhibit D. The XBOX mark is broadly recognized as a brand identifier for Microsoft's entertainment products.

19.     Since at least November 22, 2005, Microsoft has used in commerce the trademark "XBOX 360" to promote interactive game devices.

20.     On May 12, 2005, Microsoft applied to register the XBOX 360 mark, and on June 12, 2007, the United States Patent and Trademark Office issued Registration No. 3,252,556 to Microsoft for the XBOX 360 mark. The XBOX 360 mark is also the subject of United States Trademark Registration No. 3,300,210. *See* Exhibit E. The XBOX 360 mark is broadly recognized as a brand identifier for Microsoft's interactive game devices.

21.     Since at least November 15, 2002, Microsoft has used in commerce the trademark / service mark "XBOX LIVE" to promote downloadable computer programs and entertainment services over networks.

22.     On September 27, 2002, Microsoft filed an "intent to use" application to register the XBOX LIVE mark. Based upon actual use beginning in November 2002, the United States Patent and Trademark Office issued Registration No. 2,902,268 to Microsoft on November 9, 2004 for the XBOX LIVE mark. The XBOX LIVE mark is also the subject of United States Trademark Registration Nos. 2,940,679 and 2,940,682. *See* Exhibit F. The XBOX LIVE mark is broadly recognized as a brand identifier for Microsoft's downloadable computer programs and entertainment services over networks.

23.     The Microsoft Marks, as well as others owned by Microsoft, are used in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Microsoft's products and services. The Microsoft Marks are distinctive and were distinctive at the time of all acts alleged herein. As a result of Microsoft's substantial investment, the Microsoft Marks have developed extensive goodwill in the market. Accordingly, the Microsoft Marks are extremely valuable to Microsoft.

## IV.    MICROSOFT'S INTERNET PRESENCE

24.    Microsoft also maintains a substantial presence on the Internet.  Via the Internet, Microsoft advertises its products and services, transacts business with its customers, offers its customers access to many of its services, and provides product support, among other things.

25.    In order to provide its customers with easy access to its online products and services, Microsoft has registered a number of Internet domain names.  Many of these domain names correspond to Microsoft's trademarks and service marks.  Examples of such domain names are <microsoft.com>; <microsoftwindows.com>; <xbox.com>; <msn.com>.

26.    Each of these domain names, as well as others registered to Microsoft, resolves to a Microsoft-created website that provides Microsoft's customers with information related to Microsoft's products and services.  These websites generate business for Microsoft and allow Microsoft to maintain relationships with its customers.

## V.    DEFENDANTS' UNLAWFUL ACTIONS

27.    Defendants are the registrants and users of numerous Internet domain names that contain or consist of Microsoft's marks and/or intentional misspellings of Microsoft's marks.  These domain names are hereinafter referred to as the "Infringing Domain Names."  A representative, though not necessarily exhaustive, list of defendants' 9 Infringing Domain Names is attached hereto as **Appendix A**.

28.    The Infringing Domain Names are identical or confusingly similar to Microsoft's marks.  The Infringing Domain Names do not resolve to websites owned or endorsed by Microsoft.

29.     Many of the Infringing Domain Names resolve to websites that are controlled by Defendants (collectively referred to as "Defendants' websites").  Defendants' websites contain numerous advertisements for and/or hyperlinks to a variety of products and services.

30.     When a person looking for a Microsoft website lands on one of Defendants' websites, that person may click on one of the advertisements or hyperlinks on the site either because the person finds it easier to click on the advertisement or hyperlink than to continue searching for the Microsoft site, or because the person mistakenly believes Microsoft has authorized or endorsed the advertisements or hyperlinks.  In either case, the person has been diverted from the Microsoft website he or she was seeking to visit, and Microsoft has lost the opportunity to interact with that person.

31.     Defendants use the Infringing Domain Names to profit from the Microsoft Marks. Defendants receive a payment when Internet users click on one or more links or advertisements on the websites of the Infringing Domain Names.  Defendant receives these payments from one or more advertisers, affiliate programs, or search engines.

32.     Defendants are not affiliated with, or sponsored by, Microsoft and have not been authorized by Plaintiff to use the Microsoft Marks. Defendants have not now or ever been authorized by Plaintiff to use or register any name or mark that includes the Microsoft Marks.

33.     Upon information and belief, Defendants' registration and use of the Infringing Domain Names is to primarily capitalize on the goodwill associated with the Microsoft Marks.

34.     Defendants registered and used the Infringing Domain Names willfully and with bad faith intent to profit from the Microsoft Marks.

35.     The actions alleged herein to have been undertaken by the Defendants were undertaken by each Defendant individually, were actions that each Defendant caused to occur,

were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each Defendant assisted, participated, aided and abetted or otherwise encouraged, and are actions for which each Defendant is liable.

## COUNT I
### (Cybersquatting under the Anti-Cybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d))

36. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35 above.

37. The Microsoft Marks were distinctive at the time Defendants registered the Infringing Domain Names and remain distinctive today.

38. The Infringing Domain Names were identical or confusingly similar to the Microsoft Marks at the time Defendants registered the Infringing Domain Names, and remain so today.

39. Defendants have registered and used the Infringing Domain Names with bad faith intent to profit from the goodwill established by Microsoft in the Microsoft Marks.

40. As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of the Anticybersquatting Consumer Protection Act.

41. Each defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each defendant intentionally induced the conduct described above and continued to undertake these acts. Similarly, each defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

42. Defendants' registration and use of the Infringing Domain Names has caused and will continue to cause damage to Microsoft, in an amount to be proved at trial, and is causing

irreparable harm to Microsoft, for which there is no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief.

43. Microsoft is entitled to recover Defendants' profits, actual damages and costs in an amount to be proven at trial or statutory damages of up to $100,000 per domain name, treble damages, attorneys' fees and transfer of the Infringing Domain Names to Microsoft.

## COUNT II
### (Trademark Infringement Under the Lanham Act - 15 U.S.C. § 1114)

44. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43 above.

45. Defendants' wrongful and unauthorized use of the Microsoft Marks and counterfeits of the Microsoft Marks to promote, market, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

46. Each defendant also has contributory and vicarious liability for these acts of trademark infringement. With knowledge of the infringing activity, each defendant intentionally induced the infringing conduct described above and continued to distribute the infringing material. Similarly, each defendant had the right and ability to control the infringing activity and received a direct financial benefit from the infringement.

47. Defendants' intentional and willful infringement of the Microsoft Marks has caused and will continue to cause damage to Microsoft, in an amount to be proved at trial, and is causing irreparable harm to Microsoft for which there is no adequate remedy at law.

48. Microsoft is entitled to recover damages and to recover its costs herein in an amount to be proven at trial. Microsoft is also entitled to injunctive relief against Defendants.

49.     Microsoft is further entitled to recovery of statutory damages, treble damages and attorneys' fees.

## COUNT III

### (False Designation of Origin Under the Lanham Act - 15 U.S.C. § 1125(a))

50.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49 above.

51.     The Microsoft Marks are distinctive marks that are associated with Microsoft and exclusively identify Microsoft's business, products, and services.

52.     Defendants have used and continue to use the Microsoft Marks in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services.

53.     As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of this provision of the Lanham Act.

54.     Each defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each defendant intentionally induced the conduct described above and continued to undertake these acts. Similarly, each defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

55.     Microsoft has been damaged by these acts in an amount to be proved at trial. Microsoft is also entitled to injunctive and other equitable relief against Defendants.

## COUNT IV

### (Unfair Competition/False Advertising Under the Lanham Act - 15 U.S.C. § 1125(a))

56.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 55 above.

57.     Defendants have used and continue to use the Microsoft Marks in connection with goods or services with false and misleading descriptions or representations of fact in commercial advertising or promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another person's goods, services, or commercial activities.

58.     As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of this provision of the Lanham Act.

59.     Each defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each defendant intentionally induced the conduct described above and continued to undertake these acts. Similarly, each defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

60.     Microsoft is entitled to damages in an amount to be proved at trial and attorneys' fees. Microsoft is also entitled to injunctive relief and other equitable relief against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendants as follows:

1.     That the Court issue temporary and permanent injunctive relief against Defendants and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

a)     infringing Microsoft's trademarks and service marks;

b)     registering, using or trafficking any domain names that are identical or confusingly similar to the Microsoft Marks, including but not limited to domain names

containing the Microsoft Marks and domain names containing misspellings of the Microsoft Marks; and

    c)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a) through b) above.

    2.    That the Court orders the forfeiture or cancellation of the Infringing Domain Names and the transfer of the Infringing Domain Names to Microsoft;

    3.    That the Court award Microsoft actual damages, liquidated damages and statutory damages, in amount to be proven at trial;

    4.    That the Court award Microsoft treble damages in an amount to be proven at trial;

    5.    That the Court award Microsoft its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

    6.    That the Court grants Microsoft all other relief to which it is entitled and such other or additional relief as is just and proper under these circumstances.

    DATED this 27th day of February, 2009.

**K&L GATES LLP**
Attorneys for Plaintiff, Microsoft Corporation
Wachovia Financial Center, 39th Floor
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 539-3300
Fax: (305) 358-7095

By:_____

    JONATHAN B. MORTON
    Florida Bar No. 956872
    jonathan.morton@klgates.com

## APPENDIX A – DEFENDANTS' INFRINGING DOMAIN NAMES

cheatsxbox360.com
encarta98.com
facexbox.com
joinxboxlive.com
myxbox360deal.com
registermyxbox.com
windwslivemessenger.com
xboxlivesetup.com
xboxmydeal.com

# EXHIBIT A

Int. Cl.: 16

Prior U.S. Cl.: 38

Reg. No. 1,864,262

## United States Patent and Trademark Office

Registered Nov. 22, 1994

## TRADEMARK
### PRINCIPAL REGISTER

## ENCARTA

MICROSOFT CORPORATION (DELAWARE CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: INSTRUCTION MANUALS, USER GUIDES AND REFERENCE GUIDES FOR A MULTI-MEDIA ENCYCLOPEDIA ON A VARIETY OF SUBJECTS, IN CLASS 16 (U.S. CL. 38).

FIRST USE 3-0-1993; IN COMMERCE 3-0-1993.

SN 74-338,465, FILED 12-9-1992.

CHRISTOPHER KELLY, EXAMINING ATTORNEY

United States Patent and Trademark Office

Reg. No. 1,874,547

Registered Jan. 17, 1995

## TRADEMARK
### PRINCIPAL REGISTER

## ENCARTA

MICROSOFT CORPORATION (DELAWARE CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTER PROGRAM AND GENERAL REFERENCE DATA IN THE FORM OF A MULTI-MEDIA ENCYCLOPEDIA ON A VARIETY OF SUBJECTS, STORED ON A COMPACT DISC, IN CLASS 9 (U.S. CL. 38).

FIRST USE 3-0-1993; IN COMMERCE 3-0-1993.

SN 74-338,460, FILED 12-9-1992.

CHRISTOPHER KELLY, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 1,995,180
Registered Aug. 20, 1996

### SERVICE MARK
#### PRINCIPAL REGISTER

## ENCARTA

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: ON-LINE INFORMATION SERVICES, NAMELY PROVIDING REFERENCE AND EN-CYCLOPEDIC DATA IN ELECTRONIC FORM, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5–26–1995; IN COMMERCE 5–26–1995.

OWNER OF U.S. REG. NOS. 1,864,262 AND 1,874,547.

SER. NO. 74–698,189, FILED 7–7–1995.

ANNE MADDEN, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 2,304,532

Registered Dec. 28, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## ENCARTA

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: PUBLICATIONS, NAMELY, BOOKS, MAGAZINES, NEWSLETTERS, BROCHURES, PAMPHLETS, ATLASES, MAPS, USER GUIDES FOR ATLASES AND MAPS, ALL ON A VARIETY OF SUBJECTS; DICTIONARIES; THESAURUSES; INSTRUCTION MANUALS, USER GUIDES AND REFERENCE GUIDES FOR A MULTI-MEDIA ENCYCLOPEDIA ON A VARIETY OF SUBJECTS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 7-20-1999; IN COMMERCE 7-20-1999.

OWNER OF U.S. REG. NOS. 1,864,262, 1,874,547, AND 1,995,180.

SN 75-285,350, FILED 5-2-1997.

DAVID C. REIHNER, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cls.: 35 and 38

Prior U.S. Cls.: 100, 101, 102 and 104

Reg. No. 2,165,601

## United States Patent and Trademark Office

Registered June 16, 1998

### SERVICE MARK
### PRINCIPAL REGISTER

## HOTMAIL

HOTMAIL CORPORATION (CALIFORNIA CORPORATION)
1290 OAKMEAD PARKWAY, SUITE 218
SUNNYVALE, CA 94086

FOR: ADVERTISING AND MARKETING SERVICES, NAMELY, PROMOTING THE GOODS AND SERVICES OF OTHERS BY PLACING ADVERTISEMENTS AND PROMOTIONAL DISPLAYS IN AN ELECTRONIC SITE ACCESSED THROUGH COMPUTER NETWORKS AND BY DELIVERING ADVERTISEMENTS AND PROMOTIONAL MATERIALS TO OTHERS VIA ELECTRONIC MAIL, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-4-1996; IN COMMERCE 7-4-1996.

FOR: ELECTRONIC MAIL SERVICES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 7-4-1996; IN COMMERCE 7-4-1996.

SER. NO. 75-272,783, FILED 4-10-1997.

EDWARD NELSON, EXAMINING ATTORNEY

# EXHIBIT C

## United States Patent and Trademark Office

Reg. No. 1,872,264
Registered Jan. 10, 1995

### TRADEMARK
### PRINCIPAL REGISTER

## WINDOWS

MICROSOFT CORPORATION (DELAWARE CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTER PROGRAMS AND MANUALS SOLD AS A UNIT; NAMELY, GRAPHICAL OPERATING ENVIRONMENT PROGRAMS FOR MICROCOMPUTERS, IN CLASS 9 (U.S. CL. 38).

FIRST USE 10–18–1983; IN COMMERCE 10–18–1983.

SEC. 2(F).

SER. NO. 74–090,419, FILED 8–20–1990.

ESTHER BELENKER, EXAMINING ATTORNEY



Int. Cl.: 9

Prior U.S. Cls.: 21 and 38

## United States Patent and Trademark Office

Reg. No. 1,989,386
Registered July 30, 1996

## TRADEMARK
### PRINCIPAL REGISTER

# WINDOWS

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052 , BY MERGER, MERGER AND CHANGE OF NAME FROM MICRO-SOFT CORPORATION (DELAWARE CORPO-RATION) REDMOND, WA 980526399

FOR: SOUND SYSTEM FOR PERSONAL COMPUTERS COMPRISING CIRCUIT BOARD, MICROPHONE, HEADPHONES, COMPUTER PROGRAMS FOR RECORDING AND GENER-ATING SOUNDS FOR USE THEREWITH AND MANUALS THEREFOR SOLD AS A UNIT, IN CLASS 9 (U.S. CLS. 21 AND 38).

FIRST USE 10-1-1992; IN COMMERCE 10-1-1992.

OWNER OF U.S. REG. NOS. 1,872,264 AND 1,875,069.

SEC. 2(F).

SER. NO. 74-413,669, FILED 7-16-1993.

ESTHER BELENKER, EXAMINING ATTOR-NEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

## United States Patent and Trademark Office

Reg. No. 2,005,901
Registered Oct. 8, 1996

### TRADEMARK
### PRINCIPAL REGISTER

## WINDOWS

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

    FOR: PUBLICATIONS, NAMELY USER MANUALS, INSTRUCTION GUIDES, REFERENCE GUIDES, NEWSLETTERS, MAGAZINES, BOOKS ABOUT COMPUTER PROGRAMS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

    FIRST USE 11-0-1985; IN COMMERCE 11-0-1985.

    OWNER OF U.S. REG. NOS. 1,872,264 AND 1,947,103.

    SEC. 2(F).

    SER. NO. 74-716,365, FILED 8-16-1995.

ESTHER BELENKER, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,463,509
Registered June 26, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

# WINDOWS

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052

FOR: MAIL ORDER AND ON-LINE DISTRIBU-TORSHIP SERVICES FEATURING COMPUTER SOFTWARE AND PUBLICATIONS ON COMPUTER HARDWARE AND SOFTWARE; ON-LINE RETAIL SERVICES FEATURING COMPUTER HARDWARE, SOFTWARE AND PUBLICATIONS ON COMPUTER HARDWARE AND SOFTWARE; LICENSING OF COMPUTER SOFTWARE; ARRANGING AND CON-DUCTING TRADE SHOWS FEATURING COMPU-TERS, COMPUTER SOFTWARE AND COMPUTER

SOFTWARE RELATED PRODUCTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-0-1991; IN COMMERCE 5-0-1991.

OWNER OF U.S. REG. NOS. 1,872,264, 2,212,784 AND OTHERS.

SEC. 2(F).

SER. NO. 75-868,853, FILED 12-10-1999.

ROBERT LORENZO, EXAMINING ATTORNEY

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,463,510
Registered June 26, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

# WINDOWS

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052

FOR: COMPUTER SERVICES, NAMELY PROVIDING TECHNICAL SUPPORT, INFORMATION AND CONSULTATION SERVICES IN THE FIELDS OF COMPUTER HARDWARE, COMPUTER SOFTWARE AND COMPUTER OPERATING SYSTEMS, ALL OFFERED VIA COMPUTER NETWORKS AND GLOBAL COMMUNICATIONS NETWORKS; COMPUTER HARDWARE AND SOFTWARE TESTING SERVICES; COMPUTER SERVICES, NAMELY PROVIDING SOFTWARE UPDATES VIA COMPUTER NETWORKS AND GLOBAL COMMUNICATION NETWORKS; COMPUTER SERVICES, NAMELY PROVIDING AN ON-LINE MAGAZINE IN THE FIELD OF COMPUTERS AND COMPUTER SOFTWARE; INTERNET SEARCH ENGINES SERVICES; PROVIDING ONLINE RESEARCH SERVICES FOR OTHERS IN VARIOUS FIELDS; LICENSING OF INTELLECTUAL PROPERTY , IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 5-0-1996; IN COMMERCE 5-0-1996.

OWNER OF U.S. REG. NOS. 1,872,264, 2,212,784 AND OTHERS.

SEC. 2(F).

SER. NO. 75-868,854, FILED 12-10-1999.

ROBERT LORENZO, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,463,526
Registered June 26, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

## WINDOWS

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052

FOR: PROVIDING INFORMATION OVER COMPUTER NETWORKS AND GLOBAL COMMUNICATION NETWORKS IN THE FIELDS OF ENTERTAINMENT, MUSIC, AND INTERACTIVE GAMES; EDUCATION SERVICES, NAMELY ON-LINE TUTORIALS IN THE FIELD OF COMPUTERS AND COMPUTER SOFTWARE, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-26-1998; IN COMMERCE 1-26-1998.

OWNER OF U.S. REG. NOS. 1,872,264, 2,212,784 AND OTHERS.

SEC. 2(F).

SER. NO. 75-879,977, FILED 12-22-1999.

ESTHER BELENKER, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,646,465

# United States Patent and Trademark Office

Registered Nov. 5, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
LEGAL DEPARTMENT
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: VIDEO GAME PLAYER MACHINES FOR USE WITH TELEVISIONS AND COMPUTERS; COMPUTER AND VIDEO GAME CONTROLLERS; COMPUTER SOFTWARE FOR PLAYING COMPUTER AND VIDEO GAMES; OPERATING SYSTEM SOFTWARE PROGRAMS AND UTILITY PROGRAMS FOR USE WITH THE ABOVE REFERENCED MACHINES; USER MANUALS THEREFOR SOLD AS A UNIT THEREWITH, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-21-2001; IN COMMERCE 11-21-2001.

SN 75-981,476, FILED 10-18-1999.

LYNN A. LUTHEY, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,663,880

# United States Patent and Trademark Office

Registered Dec. 17, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052

FOR: INTERACTIVE VIDEO GAME DEVICES COMPRISED OF COMPUTER HARDWARE AND SOFTWARE AND ACCESSORIES, NAMELY, GAME CONSOLES, GAME CONTROLLERS, AND SOFT-

WARE FOR OPERATING GAME CONTROLLERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-21-2001; IN COMMERCE 11-21-2001.

SN 75-982,801, FILED 2-25-2000.

CHRISTOPHER BUONGIORNO, EXAMINING AT-TORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,730,847

United States Patent and Trademark Office

Registered June 24, 2003

## TRADEMARK
### PRINCIPAL REGISTER



MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: VIDEO GAME PLAYER MACHINES FOR USE WITH TELEVISIONS AND COMPUTERS, AND OPERATING SYSTEM SOFTWARE PROGRAMS AND COMPUTER UTILITY PROGRAMS FOR USE THEREWITH; ELECTRONIC DEVICES, NAMELY, COMPUTER HARDWARE FOR ACCESSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; AND OPERATING SYSTEM SOFTWARE PROGRAMS AND COMPUTER AND COMMUNICATION NETWORKS, AND OPERATING SYSTEM SOFTWARE PROGRAMS AND COMPUTER UTILITY PROGRAMS FOR USE THEREWITH; COMPUTER HARDWARE AND PERIPHERALS; COMPUTER GAME CONTROLLERS; COMPUTER GAME PADS AND CONTROLLERS; COMPUTER SOFTWARE FOR PLAYING VIDEO GAMES AND COMPUTER GAMES AND FOR ACCESSING AND BROWSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; COMPUTER SOFTWARE FOR COMPRESSING AND DECOMPRESSING DATA AND VIDEO IMAGES, WORD TEXT EDITING; COMPUTER GAME PROGRAMS AND COMPUTER VIDEO GAME PROGRAMS DOWNLOADABLE FROM GLOBAL COMPUTER NETWORKS AND GLOBAL COMMUNICATIONS NETWORKS; AND USER MANUALS FOR ALL THE AFOREMENTIONED SOFTWARE AND DEVICES SOLD AS A UNIT THEREWITH, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-21-2001; IN COMMERCE 11-21-2001.

SN 78-975,045, FILED 9-8-2000.

IRENE D. WILLIAMS, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 2,775,859
Registered Oct. 21, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: TV AND VIDEO CONVERTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-1998; IN COMMERCE 12-0-1998.

OWNER OF U.S. REG. NO. 2,646,465.

SER. NO. 78-193,098, FILED 12-10-2002.

PRISCILLA MILTON, EXAMINING ATTORNEY

Int. Cls.: 35 and 41

Prior U.S. Cls.: 100, 101, 102, and 107

United States Patent and Trademark Office

Reg. No. 2,786,794
Registered Nov. 25, 2003

## SERVICE MARK
### PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052

FOR: ARRANGING AND CONDUCTING TRADE SHOWS RELATING TO THE VIDEO GAME AND COMPUTER GAME INDUSTRIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

FOR: ENTERTAINMENT SERVICES, NAMELY, FEATURING GENERAL VIDEO GAME AND COMPUTER GAME INFORMATION VIA THE INTERNET ARRANGING AND CONDUCTING EXHIBITIONS IN THE NATURE OF COMPUTER GAMING TOURNAMENTS AND DEVELOPER CONFERENCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

SN 75-928,026, FILED 2-25-2000.

CHRISTOPHER BUONGIORNO, EXAMINING ATTORNEY

Int. Cls.: 38 and 41

Prior U.S. Cls.: 100, 101, 104, and 107

## United States Patent and Trademark Office

Reg. No. 2,792,744
Registered Dec. 9, 2003

### SERVICE MARK
### PRINCIPAL REGISTER



MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPUTER USERS CONCERNING INTERACTIVE GAMES PLAYED OVER COMPUTER NETWORKS AND GLOBAL COMMUNICATIONS NETWORKS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 8-23-2002; IN COMMERCE 8-23-2002.

FOR: ENTERTAINMENT SERVICES, NAMELY, PROVIDING ON-LINE INTERACTIVE MULTI-PLAYER COMPUTER GAMES PLAYED VIA COMPUTER NETWORKS AND GLOBAL COMMUNICATIONS NETWORKS; PROVIDING INFORMATION ON-LINE RELATING TO COMPUTER GAMES, VIDEO GAMES AND COMPUTER AND VIDEO GAME RELATED PRODUCTS; AND ORGANIZING AND CONDUCTING EXHIBITIONS FOR USERS OF VIDEO AND COMPUTER GAMES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

SN 78-025,108, FILED 9-8-2000.

ESTHER A. BORSUK, EXAMINING ATTORNEY

# EXHIBIT E

## TRADEMARK
### PRINCIPAL REGISTER

# XBOX 360

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: INTERACTIVE VIDEO GAME DEVICES COMPRISED OF COMPUTER HARDWARE AND SOFTWARE AND ACCESSORIES, NAMELY, GAME CONSOLES, GAME CONTROLLERS AND SOFTWARE FOR OPERATING GAME CONTROLLERS; ELECTRONIC DEVICES, NAMELY, COMPUTER HARDWARE FOR ACCESSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; COMPUTER HARDWARE AND COMPUTER PERIPHERALS; CAMERAS; COMPUTER SOFTWARE FOR PLAYING VIDEO GAMES AND COMPUTER GAMES WITH OTHERS VIA A GLOBAL COMPUTER OR COMMUNICATION NETWORK AND FOR ACCESSING AND BROWSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; COMPUTER SOFTWARE FOR COMPRESSING AND DECOMPRESSING DATA AND VIDEO IMAGES, WORD TEXT EDITING AND FOR COMPOSING, TRANSMITTING AND RECEIVING EMAIL; OPERATING SYSTEM SOFTWARE PROGRAMS AND UTILITY PROGRAMS FOR USE WITH THE ABOVE REFERENCED MACHINES; USER MANUALS THEREFORE SOLD AS A UNIT THEREWITH; COMPUTER PROGRAMS, NAMELY, GAME SOFTWARE FOR USE ON COMPUTERS AND VIDEO GAME PLAYERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-22-2005; IN COMMERCE 11-22-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,646,465 AND 2,698,179.

SN 78-977,810, FILED 5-12-2005.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

United States Patent and Trademark Office

Reg. No. 3,300,210
Registered Sep. 25, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# XBOX 360

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: PUBLICATIONS, NAMELY, STRATEGY GUIDES, USER MANUALS, AND MAGAZINES ALL IN THE FIELD OF COMPUTER GAMES, SCIENCE FICTION, GAMES AND ENTERTAINMENT; PENS, NOTEBOOKS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 12-0-2006; IN COMMERCE 12-0-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,776,769 AND 2,817,709.

SN 78-978,669, FILED 5-12-2005.

JASON ROTH, EXAMINING ATTORNEY

# EXHIBIT F

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 2,902,268
Registered Nov. 9, 2004

## SERVICE MARK
## PRINCIPAL REGISTER

# XBOX LIVE

MICROSOFT CORPORATION (WASHINGTON
CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: ENTERTAINMENT SERVICES, NAMELY, PROVIDING INTERACTIVE, MULTIPLAYER GAME SERVICES FOR GAMES PLAYED OVER THE INTERNET; PROVIDING INFORMATION ABOUT ONLINE COMPUTER GAMES AND VIDEO GAMES VIA THE INTERNET; AND ARRANGING AND CONDUCTING COMPETITIONS FOR VIDEO GAMERS AND COMPUTER GAME PLAYERS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-15-2002; IN COMMERCE 11-15-2002.

OWNER OF U.S. REG. NOS. 2,646,465 AND 2,663,880.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIVE", APART FROM THE MARK AS SHOWN.

SN 78-168,878, FILED 9-27-2002.

NORA BUCHANAN WILL, EXAMINING ATTOR-NEY

Int. Cl.: 38

Prior U.S. Cls.: 100, 101, and 104

## United States Patent and Trademark Office

Reg. No. 2,940,679
Registered Apr. 12, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

## XBOX LIVE

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: PROVIDING MULTIPLE-USER ACCESS TO THE INTERNET VIA CABLE AND TELEPHONE NETWORKS; VOICE CHAT AND WEB MESSAGING SERVICES; AND TRANSMISSION OF INTERAC-TIVE AUDIO AND VIDEO SERVICES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 11-15-2002; IN COMMERCE 11-15-2002.

OWNER OF U.S. REG. NOS. 2,646,465 AND 2,663,880.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIVE", APART FROM THE MARK AS SHOWN.

SN 78-168,877, FILED 9-27-2002.

NORA BUCHANAN WILL, EXAMINING ATTOR-NEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 2,940,682
Registered Apr. 12, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## XBOX LIVE

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: DOWNLOADABLE COMPUTER PRO-GRAMS FOR PLAYING COMPUTER GAMES AND VIDEO GAMES OVER THE INTERNET; COMPU-TER PROGRAMS FOR COMPUTER GAME AND VIDEO GAME USERS TO USE IN ACCESSING AND PLAYING ONLINE COMPUTER GAMES AND VI-DEO GAMES; HEADSETS, NAMELY, HEAD-PHONES AND MICROPHONE UNITS FOR USE WITH ONLINE COMPUTER GAME AND VIDEO GAME SERVICES; ELECTRONIC DEVICES FOR USE WITH ONLINE COMPUTER GAME AND VI-DEO GAME SERVICES; AND DEVICES USED TO FACILITATE INTERACTIVE GAME PLAY OVER COMPUTER NETWORKS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-15-2000; IN COMMERCE 11-15-2002.

OWNER OF U.S. REG. NOS. 2,646,465 AND 2,663,880.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIVE", APART FROM THE MARK AS SHOWN.

SN 78-168,881, FILED 9-27-2002.

NORA BUCHANAN WILL, EXAMINING ATTOR-NEY

JS-44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use by the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MICROSOFT CORPORATION, a Washington Corporation

**DEFENDANTS**

INSTACLICK, INC., a Florida Corporation; and DAN TRAINA, individually

(b) County of Resident of First Listed Plaintiff _____ KING
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED.

FILED by _AJS_ D.C.

FEB 27 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan B. Morton, Esq.
K&L Gates, LLP
200 S. Biscayne Boulevard, 39th Floor
Miami, Florida 33131

Attorneys (If Known)

09-CV-80343-Rosenbaum *Dimitroleas*

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Questions (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Action = West Palm Beach

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114,1125
Brief description of cause
Trademark and Unfair Competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $_____
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE 2/27/09
SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # 995973    AMOUNT $350.00    APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

02/27/09